USCA1 Opinion

 

 September 21, 1995 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 95-1366 GILBERTO ARVELO, Plaintiff, Appellant, v. AMERICAN INTERNATIONAL INSURANCE COMPANY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Celso E. Lopez and Peter John Porrata for appellant. ______________ __________________ Lisa E. Bhatia Gautier with whom Pinto-Lugo & Rivera was on ______________________ ___________________ brief for appellee. ____________________ ____________________ Per curiam. The plaintiff Gilberto Arvelo brought __________ suit against the American International Insurance Co. ("AIIC"), claiming that AIIC committed copyright and trademark infringement and engaged in unfair competition by using the designation "Retail Plus" a label which the parties stipulate was conceived by Arvelo as the title of one of its insurance policies, without Arvelo's permission. The district court granted summary judgment in favor of AIIC. Arvelo appealed, but only with respect to the disposition of his copyright claim. We affirm, largely on the basis of the district court's opinion. See Arvelo v. American Int'l Ins. ___ ______ ___________________ Co., 875 F. Supp. 95, 95-101 (D.P.R. 1995). ___ We add the following. It is undisputed that it was Arvelo who came up with the title "Retail Plus," that Arvelo presented the idea to AIIC as part of a proposal for an advertising campaign, that the proposal was rejected, and that AIIC nevertheless used "Retail Plus" as the title for one of its insurance policies without Arvelo's permission. It is also undisputed that the only alleged copyright ____ infringement was AIIC's unauthorized use of the name "Retail Plus" as the title of one of its insurance policies. There is no contention that AIIC copied any other portion of Arvelo's advertising campaign, which itself was copyrighted by Arvelo. The dispositive issue, therefore, is whether the name "Retail -2- 2 Plus" standing alone is subject to federal copyright protection. The answer is clearly no. It is a basic proposition of copyright law that mere words and short phrases, even if they occur in a copyrighted work, do not themselves enjoy protection against copying. See, e.g., Arica Institute, Inc. v. Palmer, 970 _________ ______________________ ______ F.2d 1067, 1072-73 (2d Cir. 1992) (single words and short phrases in copyrighted text not copyrightable); Magic _____ Marketing, Inc. v. Mailing Servs. of Pittsburgh, Inc., 634 F. _______________ __________________________________ Supp. 769, 771-72 (W.D. Pa. 1986) (noting that even "colorful descriptions, such as advertising slogans, are not accorded copyright protection"). The non-copyrightability of titles ______ in particular has been authoritatively established. See ___ generally 1 Melville B. Nimmer & David Nimmer, Nimmer on _________ __________ Copyright 2.16, at 185-86 (1995 ed.) ("It is . . . clear, _________ as a matter of statutory construction by the courts (as well as Copyright Office Regulations), that titles may not claim statutory copyright." (footnotes omitted)). The Copyright Office's own interpretive regulations explicitly embrace the rule of non-copyrightability for names and titles. See 37 ___ C.F.R. 202.1(a) (1994) (listing as an example of non- copyrightable material: "Words and short phrases such as names, titles, and slogans . . . ."). We reject Arvelo's contention that the rule against the copyrightability of titles does not apply here because -3- 3 "Retail Plus" was not the title of his copyrighted work (the ___ advertising campaign). Whether or not "Retail Plus" was the title of his advertising proposal, it is clear that Arvelo conceived of that name as the proposed title of AIIC's insurance policy. In any event, the name "Retail Plus" standing alone, whether viewed as a title or not, is simply too insubstantial to qualify for federal copyright protection. Cf. Alberto-Culver Co. v. Andrea Dumon, Inc., ___ ___________________ ___________________ 466 F.2d 705, 711 (7th Cir. 1972) (Stevens, J.) (finding not subject to copyright protection the commercial tag-line "the most personal sort of deodorant," on ground that such text "is merely a 'short phrase or expression' which hardly qualifies as an 'appreciable amount of original text'" (footnote omitted)); Kitchens of Sara Lee, Inc. v. Nifty _____________________________ _____ Foods Corp., 266 F.2d 541, 544 (2d Cir. 1959) ("Brand names, ____________ trade names, slogans, and other short phrases or expressions cannot be copyrighted, even if they are distinctively arranged or printed."). We add that Arvelo's assertion that he put a substantial amount of effort into devising the name "Retail Plus" is immaterial to the question of copyrightability. See Feist Publications, Inc. v. Rural ___ __________________________ _____ Telephone Serv. Co., 499 U.S. 340, 354-61 (1991) (rejecting ____________________ the notion that copyright protection can be obtained merely through the "sweat of the brow"). It follows that AIIC could -4- 4 not have committed copyright infringement by using the label "Retail Plus" as the title of one of its insurance policies. Finally, we reject Arvelo's claim that the district court erred in denying his post-judgment motion to amend its opinion with respect to various factual particulars, as none of the proposed amendments has any material bearing on the merits of Arvelo's copyright claim. Affirmed. ________ -5- 5